# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LABARGE, et al., <br><br>                       Plaintiffs,<br><br>v.<br><br>ELUTIA, INC., et al.,<br><br>                       Defendants. | Case No. 24-cv-1857-MMA-DEB<br><br>**ORDER GRANTING MOTION TO FILE UNDER SEAL**<br><br>[Doc. No. 13] |

On December 11, 2024, Defendant Elutia, Inc., *f/k/a* Aziyo Biologics, Inc. ("Aziyo") filed a motion to file under seal Exhibit A in support of its motion to dismiss Defendant DCI Donor Services, Inc.'s ("DCI") crossclaims. Doc. No. 13.[1] No party has filed an opposition, and thus the Court determines that this matter is ripe for ruling.[2]

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.
[2] Aziyo obtained a hearing date from the Court prior to filing this motion, though Aziyo styles it as *ex parte*. The hearing date in this matter is set for February 3, 2025. Doc No. 13. Pursuant to the Civil Local Rules, the parties' deadline to file an opposition was therefore January 17, 2025. CivLR 7.1.e.2. No parties having done so as of the date of this Order, the Court finds the motion ripe for ruling.

## I. BACKGROUND

Plaintiffs William and Carol Labarge (collectively, "Plaintiffs") filed their initial complaint on October 15, 2024. Doc. No. 1 ("Compl."). By way of the complaint, Plaintiffs assert claims for negligence, strict liability, breach of implied warranty, and breach of express warranty against Aziyo, negligence against DCI, and loss of consortium against both Aziyo and DCI. Compl. ¶¶ 56–97. These claims arise from allegations that Plaintiff William LaBarge received a defective spinal implant that exposed him to tuberculosis, manufactured by Aziyo and DCI, which caused him illness, injury, and continued pain.[3] Compl. ¶¶ 16–55. On November 20, 2024, DCI filed a crossclaim against Aziyo for breach of contract, express indemnity, equitable indemnity, contribution, and declaratory relief. *See generally* Doc. No. 10. Aziyo moved to dismiss DCI's crossclaims, Doc. No. 12, for which Aziyo now seeks to file an exhibit under seal. Doc. No. 13.

## II. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially related to the case's merits, including motions to dismiss, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring

---

[3] Plaintiffs allege, specifically, that Aziyo manufactures the implant, and "retained DCI to, among other things, procure and provide the cadaveric tissue it used . . . ." Compl. ¶¶ 16–23.

disclosure." *Id.* at 1194–95; *Settrini v. City of San Diego*, No. 320CV02273RBMBGS, 2022 WL 6785755 *1 (S.D. Cal. Oct. 11, 2022).

### III. DISCUSSION

Aziyo requests that the Court seal Exhibit A to its motion to dismiss, the purported Cadaveric Tissue Recovery and Services Agreement between Aziyo and DCI. Doc. No. 13 at 3. It argues that the document is a "highly confidential, proprietary business agreement between the Defendants" that contains "highly confidential and sensitive trade secret and proprietary information of the utmost importance to Aziyo." *Id.* Aziyo likewise asserts that redacting the document to remove such information from public viewing would "amount to a total seal of the document" and is thus not appropriate. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "Courts have held that 'confidential business information' in the form of 'license agreements, financial terms, details of confidential licensing negotiations, and business strategies' also satisfies the compelling reasons standard." *Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024).

Aziyo cites no law in support of its motion, nor does it address or identify the applicable legal standard. *See generally* Doc. No. 13. However, upon reviewing the proposed sealed document, Doc. No. 15, the Court determines that sealing it is appropriate. The document contains substantial amounts of confidential business information regarding Aziyo's confidential business practices, polices, and processes, the release of which would amount to a release of trade secrets or its equivalent. Doc. No. 15. Considering the volume of such information compared to the document as a whole, the Court also agrees that redaction would be inappropriate or futile. Further, no party has filed an opposition to the motion to file under seal. Therefore, the Court

determines that there are compelling reasons to seal Exhibit A.

## IV. CONCLUSION

For the reasons above, the Court **GRANTS** Aziyo's motion to file under seal. The Court **DIRECTS** the Clerk of Court to file Exhibit A, Doc. No. 15, **under seal**.

**IT IS SO ORDERED**.

Dated: January 21, 2025

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge