# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LABARGE, et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>ELUTIA, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 24-cv-1857-MMA-DEB<br><br>**ORDER GRANTING EX PARTE MOTION TO FILE UNDER SEAL**<br><br>[Doc. No. 57] |

On May 5, 2025, Plaintiffs William and Carol Labarge (collectively, "Plaintiffs") filed a motion, *ex parte*, to file under seal certain portions of their motion for leave to amend the complaint, as well as exhibits to that motion. Doc. No. 57. Plaintiffs indicate that Defendants Elutia, Inc. f/k/a Aziyo Biologics, Inc. ("Aziyo") and DCI Donor Services, Inc. d/b/a Tennessee Donor Services ("DCI") (collectively "Defendants") requested the items be filed under seal in accordance with the operative protective order. *Id.* at 3.

# I. Background

Plaintiffs William and Carol Labarge (collectively, "Plaintiffs") filed their initial complaint on October 15, 2024. Doc. No. 1 ("Compl."). Plaintiffs assert claims for negligence, strict liability, breach of implied warranty, and breach of express warranty against Aziyo, negligence against DCI, and loss of consortium against both Aziyo and DCI. Compl. ¶¶ 56–97. These claims arise from allegations that Plaintiff William LaBarge received a defective spinal implant, manufactured by Aziyo and DCI, that exposed him to tuberculosis and leading to illness, injury, and continued pain.[1] Compl. ¶¶ 16–55. On November 20, 2024, DCI filed a crossclaim against Aziyo for breach of contract, express indemnity, equitable indemnity, contribution, and declaratory relief. *See generally* Doc. No. 10. Plaintiffs filed a motion for leave to amend the complaint, to which they seek to attach exhibits they assert should be sealed. Doc. No. 56.

# II. Legal Standard

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). This is "because court records often provide important, sometimes the only, bases or explanations for a court's decision." *Oliner v. Kontrabecki*, 745 F.3d 1024, 1025 (9th Cir. 2014) (quotation marks omitted). Accordingly, when considering a request to seal, "a strong presumption in favor of access" is generally a court's "starting point." *United States v. Bus. of Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011) (quoting *Kamakana*, 447 F.3d at 1178). For filings more than tangentially relevant to the case's merits, that presumption can be overcome only by a showing of a "compelling reason," that "outweigh[s] the general history of access and the public policies favoring disclosure." *Id.* at 1194–95;

---

[1] Plaintiffs allege, specifically, that Aziyo manufactures the implant, and "retained DCI to, among other things, procure and provide the cadaveric tissue it used . . . ." Compl. ¶¶ 16–23.

*Settrini v. City of San Diego*, No. 320CV02273RBMBGS, 2022 WL 6785755 *1 (S.D. Cal. Oct. 11, 2022). "When the underlying motion does not surpass . . . tangential relevance . . . [a] 'good cause' standard applies." *Settrini*, 2022 WL 6785755 at *1; *Kamakana*, 447 F.3d at 1180.

### III. DISCUSSION

Plaintiffs seek to file five exhibits to their motion for leave to amend the complaint under seal: Exhibits D, E, I, J, and K. Doc. No. 57 at 3. Plaintiffs also seek to seal the portions of their motion for leave to amend that discuss these documents. *Id.* Exhibit D contains a donor's medical records. *Id.*; Doc. No. 59. Exhibit E contains Defendants' "confidential and proprietary procedures." Doc. No. 57 at 3; Doc. No. 60. Exhibits I and J are FDA Form 483 documents detailing the FDA's observations of Aziyo's and DCIs' practices, respectively, after inspection. Doc. No. 57 at 3; Doc. Nos. 61–62. Exhibit K is DCI's response to the Form 483s. Doc. No. 57 at 3.

Plaintiffs do not address which standard governs the *ex parte* application, "good cause" or "compelling reason." *See generally* Doc. No. 57. The motion to amend the pleadings, for which these exhibits are offered, is not dispositive nor seeks to alter how the case is resolved (as would, for example, a motion to compel arbitration). *See* Doc. No. 56. It seeks only to amend the pleadings. *Id.* Neither does Plaintiff seek to file any portion of the proposed amended complaint under seal. *See* Doc. No. 57. Thus, the Court determines that the "good cause" standard applies. *See, e.g., Paradise Ent. Ltd. v. Empire Tech. Grp. Ltd.*, No. 2:24-CV-00428-JCM-BNW, 2025 WL 755149 *2 (D. Nev. Mar. 7, 2025); *cf San Diego Comic Convention v. Dan Farr Prods.*, No. 14-CV-1865 AJB (JMA), 2017 WL 3269202 *2 (S.D. Cal. Aug. 1, 2017).[2]

The Court now turns to the exhibits. Exhibit D contains a non-party's medical records. Doc. No. 59. Though certain personally identifying information is redacted, it still contains sensitive medical information throughout. *Id.* Such information is

---

[2] A motion to seal the complaint or exhibits thereto, however, would invoke the "compelling reasons" standard. *Paradise Ent. Ltd.*, 2025 WL 755149 *2 (collecting cases).

generally subject to sealing even under the "compelling reasons" standard. *See Salgado v. Iqvia, Inc*. No. 18-CV-2785-BAS-WVG, 2020 WL 1322949 *2 (S.D. Cal. Mar. 20, 2020) (collecting cases). Next, Exhibit E contains Defendants' proprietary and confidential business procedures. Doc. No. 60. This information is also subject to sealing even under the "compelling reasons" standard. *See Nia v. Bank of Am., N.A.*, No. 21-CV-1799-BAS-BGS, 2024 WL 171659 *3 (S.D. Cal. Jan. 12, 2024). Exhibits I, J, and K also contain material resulting from government inspection, both conclusions and responses, and furnish sensitive information as to Aziyo's and DCI's business practices and procedures. Therefore, the exhibits should be sealed under the "good cause" standard applied here.

Finally, as to the portions of the motion for leave discussing the sealed exhibits, the Court determines that, despite Plaintiff's somewhat unorthodox manner of redaction, the redacted portions are limited to substance that falls under the above categories: largely excerpts and block quotes from the exhibits containing Defendants' business practices and procedures, and inspection results. Plaintiffs also lodge an unredacted version. Doc. No. 58. Thus, sealing is proper.

### IV. CONCLUSION

For those reasons, Plaintiffs' motion to file under seal is **GRANTED**. The Court **DIRECTS** the Clerk to file Doc. Nos. 58–63 under seal.

**IT IS SO ORDERED**.

Dated: May 5, 2025

HON. MICHAEL M. ANELLO
United States District Judge