UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM LABARGE, et al.<br><br>Plaintiffs,<br><br>v.<br><br>ELUTIA, INC., *formerly known as* Aziyo Biologics, Inc., et al.,<br><br>Defendants. | Case No. 24-cv-1857-MMA-DEB<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO AMEND THE COMPLAINT**<br><br>[Doc. No. 75] |

On May 9, 2025, Plaintiffs William and Carol Labarge (collectively "Plaintiffs") filed a motion to amend their complaint against Defendants Elutia, Inc. f/k/a Aziyo Biologics, Inc. ("Aziyo") and DCI Donor Services, Inc. d/b/a Tennessee Donor Services ("DCI"; collectively "Defendants"). Doc. No. 75. DCI filed a response in opposition, with which Aziyo joined and to which Plaintiffs replied.[1] Doc. Nos. 88–90. On June 30, 2025, The Court found this matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1 and took the hearing off calendar accordingly. Doc. No. 91. For the following reasons, the Court **GRANTS** Plaintiffs' motion to amend the complaint.

---

[1] Because Aziyo filed a notice of joinder to DCI's opposition, *see* CivLR 7.1.j, the Court refers to the arguments as Defendants' collectively.

# I. Background

Plaintiffs filed their initial complaint on October 15, 2024, asserting claims for: negligence, strict liability, breach of implied warranty, and breach of express warranty against Aziyo; negligence against DCI; and loss of consortium against both Aziyo and DCI. Doc. No. 1 ("Compl.") ¶¶ 56–97. These claims arise from allegations that, in summary, Plaintiff William LaBarge received a defective spinal implant, manufactured by Aziyo and DCI, that exposed him to tuberculosis and caused him illness, injury, and continued pain.[2] *Id.* ¶¶ 16–55. Plaintiffs now seek to amend the complaint to reflect: (1) amended causes of action;[3] and (2) a prayer for punitive damages supported by new allegations that both Aziyo and DCI accepted "donors with diagnoses of sepsis during their terminal hospitalization . . . for harvesting in willful and conscious disregard for the safety of others." *See* Doc. No. 75-1 ("PFAC") ¶¶ 68, 77.

As to the new allegations, Plaintiffs assert that Defendants both used Aziyo's "SOP-0006"[4] to determine donor eligibility. *Id.* ¶ 29. During inspections of Aziyo in or around September 2023, the FDA purportedly noted:

> (1) . . . that between June 1, 2022[,] and January 31, 2023, multiple donors with sepsis diagnoses were deemed eligible for donation[;] (2) that [Aziyo's] SOP-0006 was not designed to ensure compliance with donor eligibility requirements[;] (3) complete set of medical records were not made available to the medical director prior to donor eligibility determination when multiple donors had a recent diagnosis of sepsis[;] and (4) personnel authorization to perform designated function related to donor eligibility determinations were not qualified through appropriate medical treating to review clinical evidence consistent with risks for sepsis.

---

[2] Plaintiffs allege, specifically, that Aziyo manufactures the implant, and "retained DCI to, among other things, procure and provide the cadaveric tissue it used . . . ." Compl. ¶¶ 16–23.
[3] The proposed amended causes of action are: (1) negligence against Aziyo; (2) negligence against DCI; and (3) loss of consortium, which Plaintiffs appear to bring against both Defendants. PFAC ¶¶ 63–81.
[4] Based on the context, the Court interprets "SOP" to mean "Standard Operating Procedure."

*Id.* ¶ 31. Plaintiffs further plead that after inspecting DCI during the same timeframe:

> the FDA made multiple observations including: (1) DCI failed to verify that the donor screening procedures it was utilizing were consistent with current donor eligibility requirements pertaining to donor diagnosed with sepsis or clinical evidence of infection[;] and (2) Between January 2, 2022[,] and September 5, 2023, DCI screened, determined to be suitable for recovery, recovered[,] and released for shipment under quarantine approximately 99 donors diagnosed with sepsis in medical records during a hospital stay immediately preceding death.

*Id.* ¶ 32. "Neither Aziyo or DCI expressly warned users, customers, physicians or the medical community that its Donor Selection Standard Operating Procedures were in violation of AATB[5] standards and FDA Guidelines[]" or that that they "accepted donors with evidence of Sepsis during terminal hospitalization." *Id.* ¶¶ 33–34. Plaintiffs allege that the donor for William LaBarge's implant had active tuberculosis and "sepsis during his hospital stay immediately preceding death . . . ." *Id.* ¶ 39–40. Despite this, "the donor was cleared and accepted for harvesting by both DCI and [Aziyo]." *Id.* ¶ 40.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 generally governs amendments to pleadings. Fed. R. Civ. P. 15. However, once a district court has issued a scheduling order under Rule 16[6] establishing a timetable for amending pleadings, Rule 15's standards no longer govern should a party seek amendment after the scheduling order's deadline to do so. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–09 (9th Cir. 1992); *Sharp v. Balboa Islands, LLC*, No. 11-CV-427, 2012 WL 13176036 *2–3 (S.D. Cal. Jun. 20, 2012). Instead, the moving party must meet Rule 16's requirement to modify the schedule. *Id.* Under Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). In this context, good cause is

---

[5] American Association of Tissue Banks Standards. *See* Doc. No. 75 at 4.
[6] Unless otherwise noted, all "Rule" references are to the Federal Rules of Civil Procedure.

measured by the diligence of the party seeking the amendment. *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." *Id.* at 609.

In ruling on matters that involve the supervision of the pretrial phase of litigation, "[t]he district court is given broad discretion." *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). If the district court finds a lack of diligence, "the inquiry should end." *Johnson*, 975 F.2d at 609. If, however, the movant meets the Rule 16 burden, the Court considers the motion under the usual Rule 15 standard. *See id.* at 608; *Cervantes v. Zimmerman,* No. 17-CV-1230-BAS-NLS, 2019 WL 1129154 *3 (S.D. Cal. Mar. 12, 2019); *Starship, LLC v. Ghacham, Inc., et al.*, No. LACV2104665JAKJEMX, 2023 WL 5670793 *3 (C.D. Cal. July 10, 2023).

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). Courts consider "undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of the proposed amendment" in deciding whether justice requires granting leave to amend under Rule 15. *Moore v. Kayport Package Express*, *Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) (citing *Foman v. Davis*, 370 U.S. 178, 182–83 (1962)); *see also Cervantes*, 2019 WL 1129154 at *3 ("Whether to grant a motion to amend depends on five factors: (1) bad faith, (2) prejudice to the opposing party, (3) futility, (4) undue delay, and (5) whether the plaintiff has previously amended.") (citing *Western Shoshone Nat. Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991)). A party opposing amendment has the burden of showing some permissible reason to deny the motion. *See Richardson v. United States*, 841 F.2d 993, 999 (9th Cir. 1988), *amended as to other issues*, 860 F.2d 357 (9th Cir. 1988); *Cervantes*, 2019 WL 1129154 at *13.

## III. DISCUSSION

Plaintiffs argue that leave to amend their complaint is appropriate on grounds that: (1) they plead facts to support punitive damages; (2) they make this request to amend in good faith; (3) the amendment will not cause undue delay; (4) Defendants will not be prejudiced by the amendment; (5) the amendment will not be futile; and (6) Plaintiffs have not previously sought to amend the complaint. Doc. No. 75 at 1–12.[7]

Specifically, Plaintiffs assert that the facts they now seek to include in their complaint are the product of discovery and investigation undertaken since the case's filing. Doc. No. 75 at 10. They state that:

> Through written discovery, Plaintiffs have confirmed that there was a diagnosis of sepsis within the donor's medical records during his terminal hospitalization. Plaintiffs have also learned that the Standard Operating Procedures utilized by the Defendants . . . was violative of FDA and American Association of Tissue Banks Standards [("AATB")] . . . standards and guidelines, that Defendants knew or should have known of the risk to the public based upon a 2021 outbreak of tuberculosis from a similar product, produced by Defendants, and willfully and consciously disregarded the safety of others, warranting the imposition of punitive damages.

*Id.* at 4.

Defendants argue that the Court should deny Plaintiffs' motion because: (1) Plaintiffs failed to comply with California Code of Civil Procedure § 425.13 before seeking to amend the complaint; and (2) Plaintiffs supply insufficient support for punitive damages, thus prejudicing Defendants. *See generally* Doc. No. 88. Plaintiffs, in reply, argue that § 425.13 is a state procedural rule inapplicable in federal court, and that Defendants generally apply an incorrect legal standard for pleadings. Doc. No. 90 at 3.

---

[7] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.

As a preliminary matter, Magistrate Judge Butcher issued the operative Rule 16 scheduling order on March 24, 2025. Doc. No. 38. That order requires that any motion to join other parties or amend the pleadings must be filed by May 5, 2025. *Id.* at 1. Plaintiffs initially filed a motion to amend the pleadings on May 5, 2025, which the Court subsequently struck at the parties' request. *See* Doc. No. 74. Finding good cause, the Court extended the deadline to no later than May 9, 2025. *Id.* at 2. Plaintiffs filed the instant motion on May 9, 2025. Doc. No. 75. As Plaintiffs' filing complied with the Court's ultimate deadline, Rule 15 governs the Court's analysis now. *See Johnson*, 975 F.2d at 608; *Cervantes*, 2019 WL 1129154 at *3.

Turning to the Ninth Circuit's Rule 15 factors, Plaintiffs timely filed their motion to amend the pleadings, as discussed, and did so fewer than two months after the March 24, 2025 Early Neutral Evaluation and Case Management Conferences. *Compare* Doc. No. 37 *with* Doc. No. 75. Likewise, Plaintiffs have not previously sought to amend their complaint. Indeed, Defendants do not appear to contest Plaintiff's motion as to those factors. Thus, the Court finds no evidence of bad faith, undue delay, or prejudice to the opposing party. Instead, Defendants' arguments read most readily as arguments that Plaintiff's amendment is futile because it is legally precluded by California law and improperly supported. Accordingly, the Court turns to these arguments.

**A.    California Code of Civil Procedure § 425.13**

Defendants first argue that the Court should deny Plaintiffs' motion because Plaintiffs failed to follow California Code of Civil Procedure § 425.13. Doc. No. 88 at 3–10. That section provides, in relevant part, that:

> In any action for damages arising out of the professional negligence of a health care provider, no claim for punitive damages shall be included in a complaint or other pleading unless the court enters an order allowing an amended pleading that includes a claim for punitive damages to be filed. The court may allow the filing of an amended pleading claiming punitive damages on a motion by the party seeking the amended pleading and on the basis of the supporting and opposing affidavits

>presented that the plaintiff has established that there is a substantial probability that the plaintiff will prevail on the claim pursuant to [Civil Code §] 3294 . . . . The court shall not grant a motion allowing the filing of an amended pleading that includes a claim for punitive damages if the motion for such an order is not filed within two years after the complaint or initial pleading is filed or not less than nine months before the date the matter is first set for trial, whichever is earlier.

Cal. Civ. Proc. Code. § 425.13(a). Specifically, Defendants assert that Plaintiffs cannot prevail because they have not filed the requisite noticed motion or submitted "clear and convincing admissible evidence of a substantial likelihood of prevailing on the merits." Doc. No. 88 at 3–10. Plaintiffs argue in return that § 425.13 is a procedural rule, directly conflicts with Rule 8's pleading requirements, and is thus inapplicable in federal court proceedings. *See* Doc. No. 90 at 4.

When sitting in diversity, as it does here,[8] the Court is bound to apply relevant state law to substantive legal questions and federal law to procedural ones. *See Hanna v. Plumer*, 380 U.S. 460, 464–74 (1965) (discussing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)); *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("*Shady Grove*"); *Jackson v. E. Bay Hosp.*, 980 F. Supp. 1341, 1351 (N.D. Cal. 1997) (discussing § 425.13). As to § 425.13, Defendants correctly note that district courts in the Ninth Circuit have split as to whether it is a substantive or procedural rule and whether, regardless of classification, they should apply it under *Eerie* and *Hanna*. *See Est. of Prasad ex rel. Prasad v. Cnty. of Sutter*, 958 F. Supp. 2d 1101, 1119–21 (E.D. Cal. 2013) ("*Est. of Prasad*") (discussing the split and noting that, as of then, "the Northern and Southern Districts of California generally decline to apply § 425.13 . . . ."). Having reviewed the relevant caselaw, the Court finds that § 425.13 is inapplicable.[9]

---

[8] *See* Doc. No. 1.
[9] For these purposes the Court assumes, without finding, that this case qualifies as one for "professional negligence of a health care provider" under § 425.13.

First, the Court determines that § 425.13 is a procedural rule. The section does not set forth duties, liabilities, or immunities for substantive claims. Though it concerns claims for punitive damages, it does not set forth the plaintiff's ultimate standard of proof for an award of punitive damages under California law—California Civil Code § 3294 governs that. Cal. Civ. Code § 3294(a); Cal. Civ. Proc. Code § 425.13(a) (citing Cal. Civ. Code § 3294). Instead, § 425.13 sets forth only the preliminary process by which courts screen prayers for punitive damages in certain types of claims. *See Jackson*, 980 F. Supp. at 1352; *Vallbona v. Springer*, 51 Cal. Rptr. 2d 311, 317 (Cal. Ct. App. 1996) ("[§] 425.13 . . . is procedural, affecting only a remedy and not a substantive right."); *Goodstein v. Superior Ct.*, 50 Cal. Rptr. 2d 459, 463 (Cal. Ct. App. 1996), *as modified* (Mar. 14, 1996) (noting that the section sought to eliminate "sham" punitive claims by "shifting to the plaintiff the *procedural* burden" early in the case) (emphasis added). As the court in *Jackson v. East Bay Hospital* noted, even California state courts have found the section procedural in nature. *See Jackson*, 980 F. Supp. at 1352 (citing *Vallbona*, 51 Cal. Rptr. 2d at 317).

Defendants argue, however, that § 425.13 is so "intimately bound up" with the state's substantive law that this Court must apply the requirements of § 425.13. Doc. No. 88 at 8. Where a state procedural rule is so "intimately bound up" with the rights and obligations asserted that it becomes an integral feature of that substantive legal scheme, *Eerie* and progeny mandate that the Court apply the state law. *Wray v. Gregory*, 61 F.3d 1414, 1417 (9th Cir. 1995). A variety of factors, however, guide the Court to reject this argument as to § 425.13. The statute does not govern liability, is not jurisdictional, and is waivable by a defendant "absent timely objection to a complaint's inclusion of a punitive damages claim without court permission." *Vallbona*, 51 Cal. Rptr. 2d at 317. As discussed, the statute does also not set forth a plaintiff's ultimate burden of proof for punitive damages.

Moreover, the Court is not persuaded by Defendants' reliance on *Wray*. Section 425.13 does not so change the nature of an action that it, for example, mandates

substantive claims be submitted to an outside body for investigation and findings before a party may even file a suit; nor does it dictate evidence or standards that may ultimately be dispositive as to liability, as did Nevada law in *Wray*. 61 F.3d 1416–18. Instead, § 425.13 acts as a preliminary gatekeeper to pleading certain relief within certain actions. Likewise, both federal and state decisions reflect—and some explicitly find—that it is not "a central feature" of the state's substantive scheme such that federal courts must apply it, though it applies only to selective defendants. *Jackson*, 980 F. Supp. at 1352 (discussing *Wray*, 61 F.3d 1414); *see Vallbona*, 51 Cal. Rptr. 2d at 317; *see also Goodstein*, 50 Cal. Rptr. 2d at 463; *but see, e.g.*, *Allen v. Woodford*, No. 1:05-CV-01104-OWW, 2006 WL 1748587 *20–22 (E.D. Cal. Jun. 26, 2006). This Court agrees.

      Furthermore, Congress has the "long-recognize[d] power . . . to prescribe housekeeping rules for federal courts even though some of those rules will inevitably differ from comparable state rules." *Hanna*, 380 U.S. at 473. Generally, when state law and the Federal Rules conflict, if a Federal Rule speaks to the question at hand, the Court applies it and "do[es] not wade into *Erie's* murky waters unless the federal rule is inapplicable or invalid." *Shady Grove*, 559 U.S. at 398 (holding that, because Rule 23 governs class actions in federal court, plaintiffs could maintain a class action for unpaid statutory interests despite conflicting state law that "preclude[d] a suit to recover a 'penalty' from proceeding as a class action . . . ."). Relevant here, Rule 8(a)(3) speaks to general federal pleading requirements, as Rule 15 does amendments thereto. Rule 8(a)(3) requires only that a pleading include "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(3). The Court discusses Rule 15's requirements at length above. As Plaintiffs argue, § 425.13 would create conflicting requirements if applied here, including evidentiary submissions,[10]

---

[10] As Defendants note, California law sets forth that "[t]he plaintiff may not rely on allegations of its own pleadings, even if verified, to satisfy the required evidentiary showing" that § 425.13 requires. *Pomona Valley Hosp. Med. Ctr. v. Superior Ct.*, 153 Cal. Rptr. 3d 126, 132 (Cal. Ct. App. 2013).

restrictive timelines, and assigning the movant a higher burden for amendment than Rule 15's standard. *See Richardson*, 841 F.2d at 999; *Cervantes*, 2019 WL 1129154 at *13. As § 425.13 conflicts with Rules 8(a)(3) and 15(a), the Court finds it inapplicable. *See Est. of Prasad*, 958 F. Supp. 2d at 1121 ("Rule 8(a)(3) conflicts with . . . § 425.13, making § 425.13 inapplicable in federal court."); *but see Shekarlab v. Cnty. of Sacramento*, No. 218CV00047JAMEFB, 2018 WL 1960819 *2–4 (E.D. Cal. Apr. 26, 2018).

Finally, while Defendants point to state legislative evidence to argue that California's legislature intended § 425.13 to create a substantive protection for certain defendants that should not be ignored, Doc. No. 88 at 5–6, 8, the Supreme Court has warned against looking to subjective legislative intent in these matters. "It would mean . . . that one [s]tate's statute could survive pre-emption (and accordingly affect the procedures in federal court) while another [s]tate's identical law would not, merely because its authors had different aspirations." *Shady Grove*, 559 U.S. at 404. "It would also mean that district courts would have to discern, in every diversity case, the purpose behind any putatively pre-empted state procedural rule, even if its text squarely conflicts with federal law." *Id.* As a state procedural rule that conflicts with the federal Rules, § 425.13 does not apply here.

**B.     Plaintiff's facts in support of punitive damages**

Defendants next argue that the Court should deny Plaintiffs' motion to amend the complaint because Plaintiffs fail to provide evidence beyond the pleading to satisfy their prayer for punitive damages consistent with § 425.13 and California Civil Code § 3294(a). Doc. No. 88 at 10–12. They further assert Plaintiffs' submitted evidence is inadmissible and should not be considered. *Id.* Plaintiffs argue that they have sufficiently pleaded punitive damages and Defendants rely on inapplicable state law standards. Doc. No. 90 at 9–11.

As discussed above, when state law and the Federal Rules conflict, if a Rule speaks to the question at hand, then the Court applies the Federal Rule unless it is "inapplicable

or invalid." *Shady Grove*, 559 U.S. at 398.  Rule 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a)(2)–(3).  Famously, a plaintiff need not even plead "'[d]etailed factual allegations' . . . but the Rule does call for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)).  Even under Rule 9's heightened pleading standards, a plaintiff must only "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* Neither Rules 8 nor 9 require a party submit evidence to substantiate their allegation at the pleading stage.  Thus, while the Court will ultimately "apply the substantive law embodied in section 3294, 'determinations regarding the adequacy of pleadings are governed by the Federal Rules of Civil Procedure.'" *Jackson*, 980 F. Supp. at 1353. Accordingly, Plaintiffs need only meet Rules 8 and 9's requirements.  *See id.* at 1354.

Turning to the pleadings, to secure punitive damages here, California law ultimately requires that a plaintiff prove "defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code § 3294(a).  "Malice" is "conduct . . . intended . . . to cause injury to the plaintiff or despicable conduct . . . carried on . . . with a willful and conscious disregard of the rights or safety of others." *Id.* at § 3294(c)(1).  Oppression is "despicable conduct that subjects a person to cruel and unjust hardship in conscious disregard of that person's right." *Id.* at § 3294(c)(2).  "Fraud" is "an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury." *Id.* at § 3294(c)(3).

Plaintiffs support their plea for punitive damages with allegations that "neither Aziyo or DCI expressly warned users, customers, physicians or the medical community that its Donor Selection Standard Operating Procedures were in violation of AATB

standards and FDA Guidelines[]" or that that they "accepted donors with evidence of Sepsis during terminal hospitalization"—despite knowledge that those facts were true. PFAC ¶¶ 33–34.  Plaintiffs further allege that Defendants' contaminated spine implant injured Plaintiff William LaBarge.  *Id.* ¶¶ 38–40, 48–57.  Given Rule 8 and 9's standards and California's substantive law, the Court finds that Plaintiffs sufficiently plead at least malice or oppression, and thus adequately support their proposed amendment.

## IV. CONCLUSION

For those reasons, the Court **GRANTS** Plaintiffs' motion to amend the pleadings.  Accordingly, the Court **DIRECTS** Plaintiffs to file their amended complaint as a separate entry on the docket forthwith, <u>with the redlined version of their amended complaint as an attachment</u>.  CivLR 15.1.c.  Pursuant to Federal Rule of Civil Procedure 15(a)(3), Defendants shall file and serve their responses to the amended complaint no later than **fourteen (14) days** from the date Plaintiffs serve their amended complaint.

Given Plaintiffs' proposed amendments, the issues underpinning Aziyo's motion to compel arbitration of DCI's crossclaims appear to remain.  Rather than deny that motion as moot, the Court **DIRECTS** Defendants to confer (by whatever medium most efficient) and file a joint report **on or before the same deadline for their responses to the amended complaint** addressing whether the briefing is still responsive to the issues, considering the amendment.  <u>The report must not address additional issues and should not provide new arguments for or against the motion's merits</u>, except to notify the Court should Defendants resolve the issues underpinning that motion.

**IT IS SO ORDERED**.

Dated:  July 21, 2025

HON. MICHAEL M. ANELLO
United States District Judge